```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOSEPH A. KENNY,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       15-CV-5642(JS)(SIL)

CONGRESSMAN PETER KING,

                Defendant.
----------------------------------X
JOSEPH A. KENNY,

                Plaintiff,

        -against-               15-CV-5643(JS)(SIL)

CONGRESSMAN STEVE ISRAEL,

                Defendant.
----------------------------------X
JOSEPH A. KENNY,

                Plaintiff,

        -against-               15-CV-5644(JS)(SIL)

FORMER CONGRESSWOMAN CAROL MCCARTHY,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Joseph A. Kenny, pro se
                    72-21 67th Street
                    Apt. 3D
                    Glendale, NY 11385-6911

For Defendants:     No appearances.

SEYBERT, District Judge:
```

On September 23, 2015, pro se plaintiff Joseph A. Kenny ("Plaintiff") filed three, in forma pauperis Complaints alleging

similar, fantastic claims against each of the Defendants. The First Complaint (Docket No. 15-5642, "Kenny I") is against Congressman Peter King ("Congressman King"). The Second Complaint (Docket No. 15-5643, "Kenny II") is against Congressman Steve Israel ("Congressman Israel"). The Third Complaint (Docket No. 15-5644, "Kenny III") is against Former Congresswoman Carolyn McCarthy ("Congresswoman McCarthy" and collectively, "Defendants"). Plaintiff alleges in each of the Complaints that Defendants have murdered various individuals and are thus "required to go to the Senior Offices/Courtrooms of the Supervising Federal District Court and answer complaints." (Compls. at 1).

Upon review of Plaintiff's applications to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence these actions without prepayment of the filing fees. Accordingly, Plaintiff's applications to proceed in forma pauperis are GRANTED. However, for the reasons that follow, the Complaints are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to allege a plausible claim for relief.

BACKGROUND

Plaintiff's three-page Complaints in each case are difficult to comprehend and his rambling allegations are fanciful,

disjointed, and clearly baseless. In Kenny I, Plaintiff alleges:[1]

> Congressman Peter King of the NYS 2nd Congressional District killed three men in October 19th 1974 when he was retiring from active U.S. Military Reserve Status. He killed Vincent J. LaVine; John Germaine and William Johnson a cornel on Active Duty with the Adjunct Court Advocate's Office at West Point. The two other men were senior members of a U.S. House Intelligence Committee that oversaw I.R.A. Terrorism in Ireland/Northern Ireland and accused Peter King of being an infiltrating agent causing unrest in Ireland and British Spheres of Influence. He was indicted on the three murders and found mentally competent to strand trial which saw him convicted on three counts of murdering a member of the U.S. Military and two associate members of the House Intelligence Committee. Peter King's Court Case Docket Document filing number from the West Point's Court Advocate's Courtroom is as follows:[IZI.593027864890387-I.179328645938701689382409568187938246938746-HIZBK] Dated December 8th 1974. He was imprisoned in Attica State Penitentiary and was jailed for almost 8 years until Governor Mario Cuomo issued a blanket pardon . . . .
>
> Congressman Peter King not unlike Carolyn B. Maloney/Jenworth is to be apprehended, re-prosecuted and resentenced for the murder of three men for the Congressional language of the unanimous bi-legislative Congresses Authorization of October 19th 2009 clearly states that the House of Representatives disallows Gubernatorial Pardons when determining if a Congress-person has lived a life devout to the Law without the commission of a Crime. Congressman Peter King should be held accountable for the commission of his crimes and sentenced to death not unlike my argument against Carolyn B. Maloney/Jentworth and buried at sea for the killing of a senior U.S. Military West Point Officer. . . .

(Kenny I Compl. at 1-2.)

---

[1] Excerpts from the Complaints are reproduced here exactly as they appear in the original Complaints. Errors in spelling, punctuation, and grammar have not been corrected or noted.

In Kenny II, Plaintiff alleges:

> Congressman Steve Israel killed four Patrol Officers in Hauppauge on Dec 1st 1983 and was captured eluding the Police in an all-out gun battle that left three Officers wounded; one fatally making the total of Police Officers killed at five. The five Officers are William Judge; John Sturgeon (a distant cousin of the Fourth Superior Federal Appeal Court Chief Justice that was assassinated in 1957.) James Turbine; Jon William II and Stanley Freeman {the son of my junior varsity basketball guard}. The four Patrol Officers were sitting watching alittle league game when Steve Gergain/Steve Israel came up from behind and used a submachine gun to assassinate the Police Officers for the strong armed tactics they employed on him disarming him when he confronted a fellow drunk at a bar. . . . He [Congressman Israel] was convicted of Murder in the first degree and injuring accompanying Police personnel and was sentenced to 150 years for each murder and 25 years a piece for the wounding of the two Police Officers. . . .

(Kenny II Compl. at 1.)

In Kenny III, Plaintiff alleges:

> Former Congresswoman Carol McCarthy killed her former husband Frank Reynolds with an axe and pick and took his gun to protect herself against the responding police. Her daughter called 911 and Carol Jenkins/McCarthy shot and killed her own daughter attempting to evade capture. When the Police arrived she shot the sergeant in the face; a wound he would eventually succumb to in the following year. She turned her attention to the Lieutenant a female Officer and called out: "Go met your Maker for I am going to blow you to kingdom come."; which she did and followed with a volley of shots at Police Lieutenant John Anderson who was wounded and then shot the future Congresswomen once in the chest stopping her rampaging assault. But Carol McCarthy/Jenkins recovered temporarily and shot John Anderson in the head before shooting two additional responding Police Officers each of whom died in the emergency room at Nassau County Medical Center. Carol McCarthy/Jenkins drank some whiskey and collapsed in pain and was also taken to the same Hospital where Jim Feurtic

4

and John Admare died of the wounds she inflicted. All in toll five Police Officers died plus her husband and daughter for what she woke up to say for no apparent reason other than I was mad. Carol McCarthy/Jenkins was convicted of first degree manslaughter in the deaths of all Police Officers and she pleaded no contest to the deaths of her husband and daughter. The Court Case Docket Document filing number is [H.7930654-HG. 98016593827601378475813976 0297-HIGZ.7983016978476-HIZB]. . . . She is an injustice to the lives of ordinary Americans and deserves to die via the sentence of electrocution that the Appellate Division Justice David Stern {the brother of the Psychiatrist of Madelene Joan (Costin) Kenny at Creedmoor} stated so eloquently when he said we give and we taketh and what has been deem rightous need not the right of the hangman to electrocute the insidious madwoman Carol Jenkins/McCarthy. I seek justice for the former congresswoman McCarthy/Jenkins under the legislation passed unanimously by the bi-legislative Congress/Senate and seek the award of $147,500 to pay my Hospitalization at Nassau County Medical Center since it took care of me for my Hernia operation in 1979 and a series of Mental Hospitalizations Thereafter. . . .

(Kenny III Compl. at 1-2.)

For relief, Plaintiff seeks to recover a monetary award with which, <u>inter alia</u>, he "plan[s] to pay back the Hospitals that have given me Psychiatric Mental Health Care . . . ." (Compls. in Kenny II and III at 2.)

DISCUSSION

I. <u>In Forma Pauperis Applications</u>

Upon review of Plaintiff's declarations in support of the applications to proceed <u>in forma pauperis</u>, the Court finds that Plaintiff is qualified to commence these actions without prepayment

5

of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  The Court is required to dismiss the action as soon as it makes such a determination.  See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id. at 678; accord Wilson v.

6

Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000). "An action is frivolous if it lacks an arguable basis in law or fact--i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" Scanlon v. Vermont, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (alteration in original)); see also Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

In addition, Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "must

7

contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against it. See FED. R. CIV. P. 8; Iqbal, 556 U.S. at 678. "When a complaint fails to comply with these requirements [contained in Rule 8], the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).

Here, as is readily apparent, the Complaints are nothing more than Plaintiff's delusions and do not set forth any cognizable claims. Given that Plaintiff has filed frivolous Complaints, they are sua sponte DISMISSED WITH PREJUDICE. Baron v. Complete Management, Inc., 260 F. App'x 399 (2d Cir. 2008) ("[D]ismissal is appropriate where, as here, a complaint is a 'labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension.'") (quoting Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972) (second alteration in original) (per curiam)).

III. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "[W]hen addressing a pro

8

se complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).

Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182. However, if amendment would be futile, i.e., if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. See Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Construing the Plaintiff's Complaints liberally, and interpreting them as raising the strongest arguments they suggest, Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court finds

that Plaintiff's allegations rise to the level of the irrational. Accordingly, the Court declines to afford Plaintiff an opportunity to amend his Complaints given that the deficiencies therein are not such that could be cured by amendment.

VI. The All Writs Act

Under the All-Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All-Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. See Malley v. N.Y. City Bd. of Educ., 112 F.3d 69, 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if numerous frivolous complaints are filed) (citing In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984) ("injunction is appropriate where plaintiff 'abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings.'") (alteration and ellipsis in original); see also Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) ("'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous,

10

multiplicitous, and baseless litigation.'") (quoting Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam)). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

Plaintiff's instant actions, together with docket numbers 15-CV-4618 and 15-CV-4619,[2] suggest that Plaintiff may file a new frivolous action. Plaintiff's continued filing of frivolous in forma pauperis complaints constitutes an abuse of the judicial process. The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks, citation, and brackets omitted).

The Court is especially cognizant of Plaintiff's pro se

---

[2] See Kenny v. Kenny, 15-CV-4618 (JS)(SIL) (delusional in forma pauperis complaint dismissed); Kenny v. USA Gov't, 15-CV-4619 (JS)(SIL) (delusional in forma pauperis complaint dismissed).

status and has considered his Complaints in as positive light as possible. Nonetheless, the Court warns Plaintiff that similar, future complaints will not be tolerated. If Plaintiff persists in this course of action, the Court will require Plaintiff to show cause why leave of Court should not be sought before submitting such filings pursuant to the All Writs Act. In addition, the Court may direct the Clerk of the Court to return to Plaintiff, without filing, any such action that is received without a clear application seeking leave to file, and the Court may <u>sua sponte</u> dismiss the case with prejudice.

Finally, Plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to <u>pro se</u> litigants, <u>see</u> <u>Maduakolam v. Columbia Univ.</u>, 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and <u>pro se</u> litigants . . ."), and should he file another frivolous complaint, it is within the Court's authority to consider imposing sanctions upon him. <u>See</u> F<small>ED</small>. R. C<small>IV</small>. P. 11.

## CONCLUSION

For the reasons set forth above, Plaintiff's applications to proceed <u>in forma pauperis</u> are GRANTED but the Complaints are <u>sua sponte</u> DISMISSED WITH PREJUDICE for failure to state a plausible claim. Plaintiff is warned that should he continue to file frivolous complaints, the Court will require Plaintiff to show

cause why leave of Court should not be sought before submitting such filings pursuant to the All Writs Act.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and to mark these cases CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December   15  , 2015
       Central Islip, New York